UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS  DIVISION

| | | |
|---|---|---|
| KARAN L. GILDAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:09-cv-0229-SEB-TAB |
| | ) | |
| KENRA, LTD., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON PENDING MOTIONS**

Plaintiff filed a rather scathing verified motion on April 16, 2010, seeking additional time to complete discovery, prompting a similarly abrasive objection from the Defendants totaling nearly 100 pages, including exhibits.  [Docket Nos. 62, 69.]  No constructive purpose can be served by reiterating all the machinations those briefs and exhibits contain.

At the heart of the matter is Plaintiff's contention that Defendants failed to produce important documents in discovery, resulting in Plaintiff needing the discovery deadline enlarged yet again.  Most significantly, Plaintiff contends that Defendants failed to produce certain emails between her and Steve Nerney from 2007 in advance of depositions, thereby justifying more time to complete discovery (and thus more discovery, though Plaintiff does not specify what additional discovery may be needed).

Defendant acknowledges that, due to an error by an outside vendor, certain emails were not produced to Plaintiff until March 31, 2010.  But the problem with Plaintiff's position, as Defendants point out, is that Plaintiff has not even reviewed the emails upon which her motion is premised.  [Docket No. 62 at ¶ 6.]  Moreover, the emails at issue were exchanged between her

and Nerney in 2007, so she should not be surprised by their contents. Accordingly, Plaintiff has not met her burden in enlarging the discovery deadline, regardless of whether the Court utilizes the good cause or excusable neglect standard. This is particularly so given the extensive discovery (both written and by lengthy depositions) Plaintiff already has undertaken, the two prior enlargements of the discovery deadline the Court has granted [Docket Nos. 35, 61], and the looming May 17, 2010, dispositive motions deadline.

For these reasons, Plaintiff's verified motion to enlarge liability and non-expert discovery deadlines [Docket No. 62] is denied. The Court will not completely foreclose the possibility that there could be something contained in these emails or elsewhere that might justify a bit more time to complete discovery. But Plaintiff's motion has more bark than bite. Even if the Court were to revisit enlarging the discovery deadline, this does not eliminate the significant additional objections that Defendants appear to have regarding re-opening depositions or otherwise engaging in more prolonged discovery. The Court suggests that counsel drop the distracting rhetoric, review the emails in question, and see if Plaintiff might reasonably need some additional, limited, and focused discovery.

Regardless of how counsel may ultimately address that issue, the May 17 dispositive motions deadline will stand. This brings the Court to Defendants' May 6 motion for expedited ruling on the dispositive motions deadline. [Docket No. 71.] Defendants' motion essentially asks the Court for a prompt ruling (before May 12) resetting the May 17 dispositive motions deadline given the uncertainty about whether Plaintiff will be given additional time to complete discovery. Having denied Plaintiff's motion seeking additional time to complete discovery, and having stated that the May 17 dispositive motions deadline will stand, the Court trusts it has

already addressed these issues expediently. Defendants' motion is denied.

Dated: 05/07/2010

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Anne L. Cowgur
BINGHAM MCHALE LLP
acowgur@binghammchale.com

Duane R. Denton
BINGHAM MCHALE LLP
rdenton@binghammchale.com

Frederick D. Emhardt
PLEWS SHADLEY RACHER & BRAUN
emhardt@psrb.com

James K. Gilday
GILDAY DONAHOE & IRVIN PC
jgilday@gdilegal.com

Katherine E. Taylor
PLEWS SHADLEY RACHER & BRAUN
ktaylor@psrb.com

Jeffrey A. Townsend
PLEWS SHADLEY RACHER & BRAUN
jtownsend@psrb.com